UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   **2:25-cv-00128-MAA**                                        Date: **March 21, 2025**

Title      **Jennifer Favela v. Lowe's Home Centers, Inc., et al.**

Present:   The Honorable MARIA A. AUDERO, United States Magistrate Judge

| Cindy Delgado | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):**        **Order Denying Plaintiff's Motion to Remand Case (ECF No. 17)**

### I.      INTRODUCTION AND BACKGROUND

On December 4, 2024, Plaintiff Jennifer Favela ("Plaintiff") filed a Complaint in Los Angeles County Superior Court, raising disability discrimination and employment retaliation claims under state law ("Complaint").  (Compl., ECF No. 4, at 10–23[1].)  On January 6, 2025, Defendant Lowes Home Centers, Inc. ("Defendant") filed its Answer in the Superior Court (ECF No. 4, at 41–46) and a Notice of Removal in this Court ("Removal Notice"), the latter supported by Declarations of Grace Ridley ("Ridely Declaration") and Nichole Browning (Removal Not., ECF No. 1; Ridley Decl, ECF No. 3; ECF No. 4).

On January 27, 2025, Plaintiff filed the instant Motion to Remand ("Motion"), which included a Declaration of Alixandra M. Powers and Request for Judicial Notice.  (Mot., ECF No. 17; ECF No. 18.)  On February 19, 2025, Defendant filed an Opposition to the Motion ("Opposition"), which included a Declaration of Nichole T. Browning and a Request for Judicial Notice.  (Opp'n, ECF No. 20-1–20-2.)  On February 26, 2025, Plaintiff filed a Reply to the Opposition ("Reply").  (Reply, ECF No. 21.)  The Motion is fully briefed.  The Court deems the Motion appropriate for decision without oral argument.  Fed. R. Civ. P. 78(b); L.R. 7-15.  For the following reasons, the Court **DENIES** the Motion.

---

[1] Pinpoint citations in this Order refer to page numbers generated in the CM/ECF headers of the cited documents or, where applicable, paragraph numbers of the cited documents.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   **2:25-cv-00128-MAA**                                    Date: **March 21, 2025**

Title       **Jennifer Favela v. Lowe's Home Centers, Inc., et al.**

## II.      LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction.  28 U.S.C. § 1441(a).  Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, excluding interest and costs.  28 U.S.C. §§ 1331, 1332(a).  "Where . . . it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (internal quotation marks and citation omitted).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted).

## III.     DISCUSSION

Through the Complaint, Plaintiff seeks, as relevant here, the following: (1) past and future economic damages, (2) past and future noneconomic damages, (3) attorney's fees, and (4) punitive damages.  (*Id*. at 14; ¶¶ 21, 40.)  Plaintiff argues that the Court should remand this action because Defendant has not met its burden to show by a preponderance of evidence that there is a sufficient amount in controversy to confer jurisdiction to this Court.  (Mot.)  Plaintiff does not challenge any other basis for diversity jurisdiction over this action.  (*See generally id*.)  Defendant opposes remand, contending it has established, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold based on the four above-mentioned forms of requested relief.  (Opp'n.)  Below, the Court addresses the theories put forth by Defendant as to why the amount in controversy exceeds $75,000.

### A.      Lost Past and Future Wages

Defendant avers, supported by a declaration from its "Senior Director Income & Payroll Tax," that Plaintiff generally worked approximately twenty-five hours per week during her employment with Defendant, last earned $29.99 per hour, and had a last date of employment on or about May 31, 2024.  (Removal Not. ¶ 21; Ridley Decl. ¶¶ 3–4).  Using an estimated trial date of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   **2:25-cv-00128-MAA**                                             Date: **March 21, 2025**

Title     **Jennifer Favela v. Lowe's Home Centers, Inc., et al.**

March 2026—twenty-two months after Plaintiff's last date of employment—Defendant calculates an approximate $71,226.25 in lost wages ($749.75 per week x 95 weeks).  (Removal Not. ¶ 21.)

Plaintiff does not dispute Defendant's wage or hour figures, but argues that the correct time period to calculate lost wages is from June 7, 2024, when she received her last paycheck, to January 6, 2025, the date of removal.  (Mot. 8.)  Plaintiff argues that the standard followed by courts in the Central District of California determines the amount in controversy as of the date of removal.  (*Id*. at 7–8.)  However, the Ninth Circuit has clarified this point, holding otherwise:

> We conclude that the amount in controversy is not limited to damages incurred prior to removal—for example, it is not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal). Rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious.

*Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414–15 (9th Cir. 2018).

Accordingly, the Court considers the amount in controversy to include all the potential relief that is available to Plaintiff based on the complaint operative at the time of removal, not just damages incurred up to the date of removal.  To calculate the potential back pay at stake, the Court will use a conservative trial date estimate of one year after removal, or January 6, 2026.  *See Beltran v. Procare Pharmacy, LLC*, No. CV 19-08819-ODW (RAOx), 2020 U.S. Dist. LEXIS 26098, at *6 (C.D. Cal. Feb. 14, 2020) ("When the date of a trial is not set, courts have found one year from the date of removal to be a conservative trial date estimate.").  Plaintiff's last date of work is not clear from the pleadings.  According to the Complaint, Plaintiff received a letter on June 6, 2024 informing her that her employment ended.  (Compl. ¶ 20.)  According to the Motion, Plaintiff received her final paycheck on June 7, 2024.  (Mot. 8.)  According to Defendant, Plaintiff's last day of work was on or about May 31, 2024.  (Ridley Decl. ¶ 3; Opp'n 12.)  In consideration of Plaintiff as the moving party, the Court will use Plaintiff's asserted last pay date of June 7, 2024, rather than the earlier date of last employment asserted by Defendant (May 31, 2024).[2]  *Gaus, Inc.*, 980 F.2d at

---

[2] However, even if the Court used Defendant's date of May 31, 2024—which would yield $60,729.75 in lost wages ($749.75 per week x 81 weeks)—it would not be material to the ultimate determination of the Motion.  (Opp'n 12.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.   **2:25-cv-00128-MAA**                               Date: **March 21, 2025**

Title      **Jennifer Favela v. Lowe's Home Centers, Inc., et al.**


566.  Accordingly, the Court finds that a conservative estimate of the lost past and future wages at issue in this case is approximately $61,479.50 ($749.75 per week x 82 weeks).

Plaintiff also argues that Defendant failed to consider Plaintiff's duty to mitigate damages from any lost wages.  (Mot. 7.)  However, Plaintiff cites no authority for the proposition that mitigation of damages—a potential affirmative defense—factors into determining the amount in controversy for diversity jurisdiction.  (*See generally id*.)  On the other hand, the Supreme Court long has established that a defendant's "valid defense, if asserted, to all or a portion of the claim . . . will not justify remand."  *St. Paul Mercury Indem. Co.*, 303 U.S. at 292; *see also Jackson v. Compass Grp. USA, Inc.*, No. CV19-4678-PSG (GJSx), 2019 U.S. Dist. LEXIS 129001, at *10–11 (C.D. Cal. July 31, 2019) ("mitigation of damages is an affirmative defense, and . . . is therefore not relevant to the Court's determination of the amount in controversy").  Moreover, Plaintiff makes no argument and offers no evidence in support of her purported mitigation of damages.  (*See generally* Compl.; Mot.; Reply.)  *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014) ("both sides" are obligated to "submit proof" when the amount in controversy is challenged).  Thus, even if the Court could consider mitigation of damages at this stage, there is no amount to subtract from Plaintiff's potential lost wages.

### B.      Emotional Distress Damages

Defendant argues that Plaintiff's claims in the Complaint that she suffered emotional distress damages "in an amount in excess of [the state court's] minimal jurisdiction" are effectively claims that she sustained at least the minimal jurisdictional amount of $25,000.  (Opp'n 13 (citing Compl. ¶¶ 29, 50).)  Though Plaintiff argues that this "general jurisdictional allegation does not give notice of the actual amount of damages sought by Plaintiff" (Reply 4), the Court agrees with Defendant that, in effect, the Complaint asserts that Plaintiff sustained more than $25,000 in emotional distress damages—the jurisdictional minimum amount for an unlimited civil case in California state court. *See* Cal. Civ. Proc. Code §§ 85, 88.  *See e.g.*, *Velez-Guerra v. Crescent Hotels & Resorts, LLC*, No. CV 20-6861-DMG (PJWx), 2020 U.S. Dist. LEXIS 233510, at *6–7 (C.D. Cal. Dec. 11, 2020) (finding complaint that sought emotional distress damages "in an amount in excess of [the state] court's minimal jurisdiction" to have sufficiently alleged at least $25,000 in damages); *Lamke v. Sunstate Equip. Co.*, 319 F. Supp. 2d 1029, 1030-1031 (N.D. Cal. 2004) (finding jurisdictional amount satisfied by adding $25,000 for emotional distress to the damages at issue because plaintiff alleged emotional distress damages "in an amount in excess of the minimum jurisdiction of the state

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    **2:25-cv-00128-MAA**                                            Date: **March 21, 2025**

Title      **Jennifer Favela v. Lowe's Home Centers, Inc., et al.**


court."). Therefore, the Court finds that Plaintiff has alleged at least $25,000 in emotional distress damages.

* * *

From just a conservative estimate of the lost wages through trial and the minimum amount of emotional distress damages alone, the Court can determine that the amount in controversy is at least $86,479.50. Because this amount exceeds the $75,000 minimum amount for diversity jurisdiction, the Court need not address the parties' remaining arguments pertaining to possible emotional distress damages, attorney's fees, and punitive damages.

## IV.    CONCLUSION

Based on the foregoing, Defendant has demonstrated that the Court has diversity jurisdiction over this action because the amount in controversy exceeds the jurisdictional minimum of $75,000. In the absence of any other challenge to the existence of diversity jurisdiction over this action, the Court finds that diversity jurisdiction has been established. Accordingly, the Court **ORDERS** as follows:

(1)    The Motion (ECF No. 17) is **DENIED**.

(2)    Plaintiff's Request for Judicial Notice (ECF No. 18) is **DENIED** as unnecessary to the resolution of the Motion.

(3)    Defendant's Request for Judicial Notice (ECF No. 20-2) is **DENIED** as unnecessary to the resolution of the Motion.

It is so ordered.